# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

AUTOVEST, L.L.C,                          )
                                          )
Plaintiff,                                )
                                          )
v.                                        )      C.A. No. CPU4-18-001993
                                          )
RESHINA WEATHERLY,                        )
                                          )
Defendant.                                )

Submitted: November 27, 2018
Decided: March 21, 2019

Patrick Scanlon, Esq.                     Reshina Weatherly
Attorney at Law                           Defendant
206 NE Front Street, Suite 101            122 Ruth Street
Milford, DE 19963                         Wilmington, DE 19805
*Attorney for Plaintiff*                  *Pro Se*

## DECISION AFTER TRIAL

**SMALLS, C.J.**

## FACTUAL AND PROCEDURAL HISTORY

This is a consumer debt action brought on April 17, 2018, by Autovest L.L.C., ("Plaintiff") against Reshina Weatherly ("Defendant") alleging that Defendant failed to make required payments for a financed automobile. Plaintiff demands judgment in the amount of $6,478.59, pre- and post-judgment interest at the legal rate, attorney's fees and costs.

On June 12, 2018, Defendant filed an Answer denying the allegation involving the debt which resulted from a purchase of a 2007 Dodge Charger. Defendant argues the "Company, Teejay Enterprises, ("Teejay") gave her a new vehicle when the engine blew up in the 2007 Dodge Charger." Defendant avers she signed paperwork relieving her of responsibility for the 2007 Dodge Charger because they "sold her a lemon." Lastly, Defendant argues Teejay is responsible for the judgment.[1]

On July 2, 2018, Plaintiff filed a pretrial worksheet attaching repossession documents and a bill of sale. On July 10, 2018, the case was referred to mediation which was unsuccessful.

These matters proceeded to trial on November 27, 2018. Plaintiff called its first witness, Defendant Reshina Weatherly, who testified that she purchased a 2007 Dodge Charger from Teejay that malfunctioned shortly following the purchase. When she took the car back to Teejay, she was given a another vehicle, with a new contract.[2] Further, Defendant testified that when she returned the 2007 Dodge Charger to Teejay, she signed

---

[1] Defendant did not file any cross claims.
[2] Defendant did not admit any documents into evidence.

1

a new contract for the new vehicle. Defendant testified her assumption was that since she returned the 2007 Dodge Charger, there was no need to continue paying the amounts required under the prior contract and the payments for the replacement vehicle were being directly withdrawn from her account. Further, Defendant testified she did not file an answer in response to the request for production because she did not receive the documents. However, she failed to provide the "new contract" from Teejay for the new vehicle. Defendant testified that she contacted Pelican Auto Finance, LLC. ("Pelican") when she received the lawsuit documents and informed them she returned the 2007 Dodge Charger to Teejay. Defendant claims that Teejay gave her paperwork stating Teejay would be responsible for the 2007 Dodge Charger loan, though she failed to provide any documentation at trial of this agreement. Additionally, Defendant testified when the engine blew up, she told Pelican that she had left the 2007 Dodge Charger with Teejay.

Plaintiff introduced into evidence notice of repossession that was mailed to Defendant regarding the private sale of the 2007 Dodge Charger.[3] Defendant testified she never received this notice of repossession. Defendant stated she resides in Philadelphia and the address on the repossession document is an old Delaware address.

Plaintiff called as its second witness their operations manager, Julie Allen ("Allen"), who testified she was the custodian of the business records. Plaintiff introduced into evidence Defendants signed Retail Installment Contract and Security

---

[3] Plaintiff's *Exhibit 2.*

Agreement with Teejay and Pelican.[4] Allen further testified as to Plaintiff's *Exhibit 3*; the Explanation of Deficiency.[5] Plaintiff's *Exhibit 3* indicate an unpaid balance for the 2007 Dodge Charger in the amount of $7,868.59. Allen testified her records indicate the 2007 Dodge Charger being abandoned at Teejay's shop, and subsequently repossessed and sold at auction. From the repossession sale of the vehicle, there is a credit in the amount of $1,390.00, which leaves a deficiency balance of $6,478.59. Further, Allen testified there is no record that either Teejay or Defendant paid this deficiency balance. In addition, there were no documents received that relieved Defendant from the debt.

Lastly, Plaintiff introduced the Autovest Loan Comment Report detailing any communications and transactions between Plaintiff and Defendant.[6] Defendant objected that she never contacted Pelican and disagrees with any communications made to Plaintiff. Allen testified that when Pelican contacted Teejay, they told Pelican the vehicle was in their shop, it was abandoned, and they had made no repairs.

## DISCUSSION

During a trial, the Court sits as the trier of fact, therefore, it is the Court's responsibility to assess the credibility of the witnesses and, where there is a conflict in the testimony, to reconcile these conflicts, "if reasonably possible[,] so as to make one harmonious story."[7] In doing so, the Court takes into consideration the demeanor of the witnesses, their apparent fairness in giving their testimony, their opportunities in hearing

---

[4] Plaintiff's *Exhibit 1*.
[5] Defendant objected to this Exhibit which was admitted with reservation.
[6] Plaintiff's *Exhibit 4*.
[7] *Nat'l Grange Mut. Ins. Co. v. Nelson F. Davis, Jr., et. al.*, 2000 WL 33275030, at *4 (Del. Com. Pl. Feb. 9, 2000).

and knowing the facts about which they testified, and any bias or interest they may have concerning the nature of the case.[8] In civil cases, the Plaintiff bears the burden to prove each element of its claim by a preponderance of the evidence.[9] The party on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists.[10]

Plaintiff in these proceedings seeks a deficiency balance on an automobile financing agreement which is subject to Article 9 in Title 6 of the Delaware Code. As such, it is a consumer action and subject to the provisions of Administrative Directive No. 2012-2. The Directive requires that, "the caption shall include a sufficient description of the original creditor to reasonably enable the defendant to identify the account, along with the name of the plaintiff…"[11] In these proceedings, the documents indicate Pelican is the original creditor which requires Plaintiff to state their name in the case caption. Although the original creditor and proof of ownership of the account is set out in an affidavit attached to the Plaintiff's complaint, there is no indication in the case caption. Under the Directive, such failure subjects the proceedings to dismissal in the discretion of the Court.[12]

Additionally, Plaintiff's claim for payment of the debt is based upon the documents admitted into the record which show a debt to Pelican though this action is

---

[8] *See State v. Westfall*, 2008 WL 2855030, at *3 (Del. Com. Pl. Apr. 22, 2008).
[9] *See Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[10] *Id.*
[11] Administrative Directive No. 2012-2; Pleading Requirements for Complaints in Consumer Debt Collection, see https://courts.delaware.gov/commonpleas/agency/docs/AD2012-2.pdf.
[12] *Id. See* also *Klinedinst v. CACH, LLC*, No. CV S13A-07-004, 2014 WL 606629, at *3 (Del. Super. Ct. Jan. 10, 2014); (The affidavit fails to name the original creditor or set forth the chain of title for the loan).

brought by Autovest, LLC. There is no document which shows a transfer of the debt to Autovest. The proffered evidence includes contractual documents from Pelican, signed by the Defendant, but fail to include direct evidence of a debt transfer. Further, there is no document admitted into the record that reveal Autovest as a purchaser in due course of the debt. This Court has previously held that "a plaintiff must offer specific proof showing the assignment or sale of the account at issue."[13] In *Hanby*, this Court held that when there is no document introduced to establish that there was a sale or assignment to the entity which brings the claim, there is insufficient documentations present to establish a chain of title.[14] The proffered evidence would require the Court to make the inference that the contractual debt Defendant agreed to pay was transferred from Pelican to Autovest.

When a creditor sues on a debt to which they were not the original lender, the creditor must establish at trial that they own the debt if they have not provided a bill of sale in the body of the complaint. Here, the pretrial worksheet dated July 2, 2018, Plaintiff states the original creditor was Pelican Auto Finance, LLC to which Plaintiff purchased the account on June 30, 2017. This bill of sale and assignment is attached to the pretrial worksheet but was not presented at trial. Therefore, there is no evidence in the record to establish the chain of title in the debt and thus, prove its claim.

---

[13] *Midland Funding LLC v. Graves*, No. N15A-01-008 AML, 2016 WL 1590999, at *4 (Del. Super. Ct. Apr. 7, 2016); See *Klinedinst v. CACH, LLC*, 2015 WL 3429941, at *3–4 (Del.Super. May 22, 2015); *Midland Funding, LLC v. Hanby*, No. CIV.A. CPU4-14001135, 2015 WL 738060, at *5 (Del. Com. Pl. Feb. 23, 2015).

[14] *Hanby*, 2015 WL 738060, at *5.

5

Lastly, Plaintiff failed to comply with the repossession notice requirements under the provisions of Title 6 Uniform Commercial Code, Article 9. Such provisions provide; "after default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing."[15] "Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable."[16]

Under the Revised Article 9, the secured party is required to "make a showing that it conducted the resale of repossessed non-consumer collateral in a 'commercially reasonable' fashion, in order to be able to recover any alleged deficiency judgment from debtors."[17] "A secured party that disposes of collateral under *Section 9-610*, shall send to the persons . . . a reasonable authenticated notification of disposition." *Section 9-613(1)* provides that the contents of the notice of disposition are sufficient if it: (A) describes the debtor and the secured party; (B) describes the collateral that is the subject of the intended disposition; (C) states the method of intended disposition; (D) states that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and (E) states the time and place of a public disposition or the time after which any other disposition is to be made. When a notice lacks any information under subsection (1), the sufficiency of the notice becomes a question of fact for the Court to determine."[18]

---

[15] 6 *Del. C.* § 9-610(a).
[16] 6 *Del. C.* § 9-610(b).
[17] *USA Financial Services, LLC v. Young's Funeral Home, Inc.*, 2010 WL 3002063, at *3 (Del. Com. Pl. Jun. 24, 2010) (internal citations omitted).
[18] *Id.*

6

Here, the Defendant was sent a letter advising her that her vehicle was repossessed on July 28, 2015 and that Pelican will sell the vehicle at a public sale "sometime after August 13, 2015." This notice is insufficient as it fails to specify the date, time and place of the sale.

## CONCLUSION

Based on the forgoing, Plaintiff has failed to establish the right to collect on the debt against the Defendant. Accordingly, judgment is entered for Defendant. All parties are to pay their own costs.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge